BANK OF MOUNT PLEASANT *v.* ADMINISTRATORS OF ROBERT POLLOCK, WHO WAS SPECIAL BAIL OF JOSEPH MCKAUGHEY.

Special bail not liable where principal dies after the return of the *ca. sa. non est,* and before the return of first *sci. fa.* executed, or second *nihil.*

THE plaintiffs in this case had obtained a judgment against Joseph McKaughey, in the common pleas of Belmont county. They sued out a *capias ad satisfaciendum,* upon which the sheriff returned not found. They then sued out a *scire facias* against Robert Pollock, which was returned nihil; and a second *scire facias* was sued out, and returned executed. Robert Pollock appeared at the return of the second *scire facias,* and pleaded, that after the return of the *ca. sa.* "not found," and before the return of the first *sci. fa.* "nihil," Joseph McKaughey departed this life. To this plea the plaintiffs demurred. Robert Pollock deceased before the demurrer was argued, and his administrators appeared and were made defendants.

The cause was argued in the common pleas of Belmont by Beebe for the plaintiffs, and Hammond for the defendants. Judgment was given upon the demurrer for the defendants, and the plaintiffs appealed to the Supreme Court.

*It was again argued in the Supreme Court, at October, [36 1823, before Judges Pease and Sherman, by the same counsel. The court was asked by Mr. Beebe, on the part of the plaintiffs, to reserve the case for decision at Columbus, but they were of opinion that it was unnecessary.

Orr *v*. Bank of U. S. and others.

By the COURT.

Our statute declares that the bail shall be discharged by surrendering the principal upon the return of the first *scire facias* " *executed,*" or the second " *nihil.*" This is the rule of the English courts. It is, however, one principle of this rule, as established in England, that if the principal die after the return of the *ca. sa. non est,* the bail is charged. It is maintained for the plaintiffs, that as the legislature has adopted, in substance, the English rule as to the period at which a surrender shall discharge the bail, they have adopted that rule in all its parts—so that if the principal die after the return of the *ca. sa. non est,* the bail can not be exonerated. The court are of a different opinion. The statute gives to special bail the absolute right to be discharged, upon the surrender of the principal, at either of the periods specified. The death of the principal can not prejudice this right. The bail do not undertake for the life of the principal; but for his surrender if alive. They are discharged by his death. The limitation of the English rule is not adopted by the legislature, and the court have no authority to insert it by interpretation.

Judgment for the defendant.