Nov. Term,
ROSENBAUM *v.* THE STATE.                    **1853.**

ROSENBAUM
v.
THE STATE.

4   599|
134   84|

The act to regulate the retailing of spirituous liquors, &c., approved *March* 4, 1853, does not prescribe any penalty for selling spirituous liquors on *Sunday.*

Crimes and misdemeanors, in this state, must be defined, and the punishment therefor fixed, by statute, and not otherwise.

APPEAL from the *Dearborn* Court of Common Pleas.

STUART, J.—It is charged that the appellant, being a licensed grocer, &c., sold spirituous liquors on *Sunday.* Motion to quash the information overruled. Plea of guilty, and judgment accordingly.

*Saturday, December* 31.

The same defect exists in this case as in *Divine* v. *The State* at the last term, (1) and the plea operates here as the evidence did in *Hare* v. *The State* (2) to cure that defect.

Perhaps the same doctrine might be beneficially carried still further. It may be doubtful whether by the plea the defendant has not shown affirmatively that he is not within any of the provisoes or exceptions in the statute. The plea admits that he has violated its substantive provisions. For the Courts to presume in his favor in the face of his own admissions, might look too much like subtlety. The whole record must be taken together; and it does not appear that the courts should presume against anything which the record affirmatively discloses. However, we reserve that point for future consideration.

If there were any unfairness in procuring the plea of guilty, that would present another question.

On the other hand, there is nothing in the revision that we are aware of, and surely no consideration of sound policy, which should induce the courts to relax the strictness required in all the substantials of criminal pleading and evidence. Any other rule would be pernicious in its tendency. The harmless decision of to-day becomes the dangerous precedent of to-morrow. The people have no better security than in holding the officers of the state to a reasonable degree of care, precision, and certainty in prosecuting the citizen for a violation of the law.

Thus regarded, there is a fatal defect for which the in-

Nov. Term, 1853.

ROSENBAUM
v.
THE STATE.

formation should have been quashed. By the sixth section it is provided that a license granted under the provisions of the first section shall not authorize the sale of spirituous liquors on *Sunday*. By the fifth section the penalty only applies to a violation of the preceding sections. On the well-known principle of strict construction applicable to penal statutes, we cannot extend this penalty to the subsequent sections, though this rule seems to be modified by the R. S. of 1852. The subsequent penalties are all applied to specific cases, and do not extend to the sixth section. We cannot seek a penalty in other statutes on the same subject, for they are all repealed by the nineteenth section. Nor can we fall back on the common law; for crimes and misdemeanors must be defined, and the punishment therefor fixed, by statute, and "not otherwise." R. S. 1852, vol. 1, c. 61, s. 2. The matter then, in brief, stands thus: The sixth section points out an offence, but there is no statutory penalty attached to it, and under our laws there can be no other penalty. As nothing can be taken by intendment, it is a *casus omissus* of which neither the responsibility nor the remedy rests with the judiciary.

It is suggested by counsel that retailing on *Sunday* may perhaps be a breach of the bond; and it might be further suggested that perhaps the offender might be liable under the ninth section for a nuisance. But as these questions are not judicially before us, we cannot speak "with authority."

In the form the charge is made, it is clearly unauthorized, and should have been quashed.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. Ryman*, for the appellant.

*E. Dumont*, for the state.

(1) *Ante*, p. 240.—(2) *Ante*, p. 241.

(3) The judgments in three other cases of *Rosenbaum* v. *The State* were reversed, on this day, for the reasons given in this case.