*M. M. Ray*, for appellant.

*Davis & Wright*, for appellee.

---

### BEAL v. THE STATE.

The criminal law of this State is entirely statutory, and not of common law origin.

Under our statutes, the grand jury is a local tribunal, and can not inquire into offenses committed out of its jurisdiction.

The crime of larceny, perpetrated in another State, is not transplanted with the goods, into this State, so as to become an offense against this State, punishable here; but only so as to enable us to return the criminal to the proper vicinage for punishment.

APPEAL from the *Jefferson* Circuit Court.

PERKINS, J.—Indictment and conviction for larceny. The larceny was committed in *Ohio*.

On the trial the Court instructed the jury, that where goods are stolen in another State, and soon after, (six weeks in this case,) are brought into this State, the thief may be prosecuted and punished, for the larceny, in this State. This

instruction goes upon what is claimed to be the common law doctrine, that a larceny is a continuing act, and is complete in every jurisdiction into which the stolen goods are taken by the thief. See 4 Black. Comm. 303–4. We doubt the existence of this doctrine in *Indiana*, so far as it is applicable to offenses committed in another State.

Our criminal law is entirely statutory, and not of common law origin. Our grand jury is a local tribunal, and can not inquire into offenses committed out of its jurisdiction. It can not summon witnesses, nor take their depositions, where they are in other States. Now, where goods had been stolen in another State and brought into this, the facts transpiring in this State, viz.: the possession of the goods, and the selling of them even, would not, of themselves, constitute a larceny. The jury would have to go further, and prove the taking and the felonious intent at the time thereof, in another State. They would, in short, have to prove a complete larceny in another State to make out a larceny at all.

Further; such larceny, being complete in the State where the goods were taken, if a larceny any where, would be punishable in such State; and punishment in this, would not bar punishment in that.

Again; the Constitution of the United States provides that fugitives from justice shall be delivered up, by the State into which they have fled, for punishment in the State where the offense was committed. Now, suppose we were trying such a fugitive here, or had already sent him to the state-prison, when the requisition for his return should arrive, should we not be compelled to deliver him up, at once, with, perhaps, his trial half completed?

Our constitution and statutes have not provided, specially, for the punishment here of such offenders, while they have specially provided for cases where goods are stolen in one county of this State and carried by the thief into another. Perk. Pr. 24. So, it is provided that a person without the State, committing an offense within the State by means of an agent, may be punished here; and further, that in case of duelling, a person may be punished here for an offense perpetrated in another State.

From all these considerations, we think it is not a principle of the criminal law of *Indiana* that the crime of larceny, perpetrated in another State, is transported with the goods into this State, so as to be an offense against this State, punishable here; but only so as to enable us to return the guilty person to the proper vicinage for punishment.

In several of our sister States, foreign criminals, coming into them, under certain circumstances, are made criminals in such States, by statute, and are punishable in them, thus acknowledging the non-existence, in those States, of the common law doctrine of which we have been speaking. In other of the States, where no such statutes exist, the doctrine is judicially denied; and in one or two—and in one or two only—it is recognized. See note to p. 305 of 4th Wend. Black.; Lewis U. S. Cr. Law, pp. 463, 472, 475, 477; 2 Wat. Archb. pp. 355–16, and 317, notes.

*Per Curiam.*—The judgment is reversed. Cause remanded for action below, in accordance with this opinion.

*J. Y. Allison*, for appellant.

*J. E. McDonald*, Attorney General, and *A. L. Roache*, for the State.

(1.) Counsel for appellant cited the following authorities: 2 Parker's Crim. R. 590; 2 Johnson's R. (N. Y.) 479; *People* v. *Gardner*, *id.* 477; *Simmons* v. *The Commonwealth*, 5 Birney R. 617; *State* v. *Brown*, Hawks, (N. C.) R. 100.