362        SUPREME COURT OF INDIANA.

The State *v.* The Pres't and Direc'rs of the Ohio and Mississippi R. R. Co.

THE STATE *v.* THE PRESIDENT AND DIRECTORS OF THE OHIO
AND MISSISSIPPI RAILROAD COMPANY.

CRIMINAL LAW.—Our criminal law is entirely of statutory origin.

SAME—PROCESS.—A warrant, and not a summons, is the process in criminal cases in this state. Page 363.

SAME.—*Distringas,* as a means of compelling an appearance in a criminal case, is a writ unknown to our law. Page 363.

SAME—CORPORATION.—Where an information was filed against a railroad company for obstructing a highway, and a summons was issued and served by delivering a copy to a station agent, and one to an attorney and director of said company, the process and the service thereof was properly set aside. Page 363.

CORPORATION—CRIMINAL LAW.—In this state, under the criminal law, a corporation can not be prosecuted, by information or otherwise, for misfeasance. Page 365.

PERSON.—The provision of the civil code, sec. 797, 2 G. & H. 335, that the "word 'person' extends to bodies politic and corporate," does not apply to the criminal code. Page 364.

APPEAL from the *Dearborn* Common Pleas.

GREGORY, J.—*Solon Russell,* district attorney, filed an affidavit and information, in the Court of Common Pleas of *Dearborn* county, against the appellee, for obstructing a public highway. A *summons* was issued and served by delivering a certified copy thereof to *Lewis W. Drake,* station agent, at *Lawrenceburg,* and by leaving a certified copy thereof at the residence of *Theodore Gazlay,* in *Dearborn* county, attorney and director of said railroad company.

The *railway company,* at the *February* term, 1863, of said Court of Common Pleas, entered a special appearance by her attorneys for that purpose, and moved the court to quash the writ issued in this cause, and set aside the service thereof. The court sustained the motion, and the appellant excepted.

The appellee then, by her attorneys, moved the court that the prosecution be dismissed for the following reasons: 1. There is no law in force in *Indiana* authorizing a corporation to be prosecuted criminally for a misfeasance.

2. The corporation, in its corporate capacity, can not violate the penal statutes of the state; which motion the court sustained, and the state excepted.

The action of the court below, in sustaining these motions, presents the questions for our consideration.

Our criminal law is entirely of statutory origin; we have not adopted the common law of *England* on this subject. *Beal* v. *The State*, 15 Ind. 378.

A warrant, and not a summons, is the process in criminal cases in this state. 2 G. & H. 396, 397.

The act establishing courts of Common Pleas provides that "all criminal proceedings may be commenced in said court by filing, with the clerk, a written charge, verified by affidavit, on which process shall issue *for the body of the defendant.*" 2 G. & H. 24, sec. 15.

*Distringas*, as a means of compelling an appearance in a criminal case, is a writ unknown to our law.

The court below committed no error in setting aside the process and service thereof.

The only remaining question is, can a railway corporation, as such, be guilty of a misdemeanor in obstructing a highway in this state?

The misdemeanor act provides that "every *person* who shall in any manner obstruct any public highway, railroad, tow-path, canal, turnpike, plank or coal-road, or injure any toll or other bridge, or toll-gate, culvert, embankment, or lock, or make any breach in any canal, or injure any material used in the construction of such roads and canal, such *person,* and all other *persons* aiding and abetting therein, shall be fined not exceeding $500, *or imprisoned* not exceeding three months." 2 G. & H. 475, sec. 66.

It is contended that the word *"person"* extends to corporations, and a provision of the *civil code* is cited in support of this construction. 2 G. & H. 335, sec. 797. The language is, "the word 'person' extends to bodies politic and corporate."

Under this clause, the word *"person,"* when used in the

statutes embraced by it, includes the *United States* as well as this state. But this rule of construction does not apply to the *criminal code;* that code provides that "when the term '*person*' or other word is used to designate the party whose property is the subject of an offense, or against whom any act is done with intent to defraud or injure, the term may be construed to include the *United States*, this state, or any other state or territory, or any public or private corporation, as well as an individual." 2 G. & H. 428, sec. 170.

The construction claimed by counsel for the state would lead to absurdities.

But, independent of this, there can be no agency in the commission of misdemeanors. A corporation can only act by agents; the agent and not the principal is the guilty party.

The rule is well considered in the case of *The State* v. *Great Works Milling and Manufacturing Company*, 20 Maine, 41.

In that case, the corporation was indicted for a nuisance in the erection of a dam across the *Penobscot* river, thereby obstructing the use of the river (as a public highway) for the purposes of navigation. The jury, at *nisi prius*, found a verdict of guilty, and the corporation appealed to the Supreme Court. The opinion of the Supreme Court, delivered by Ch. J. *Weston*, is as follows:

"A corporation is created by law for certain beneficial purposes. They can neither commit a crime or misdemeanor by any positive or affirmative act, or incite others to do so as a corporation. While assembled at a corporate meeting, a majority may, by a vote entered upon their records, require an agent to commit a battery; but, if he does so, it can not be regarded as a corporate act for which the corporation can be indicted.

"It would be stepping aside altogether from their corporate powers. If indictable, as a corporation, for an offense thus incited by them, the innocent dissenting

minority become equally amenable to punishment with the guilty majority. Such as only take part in the measure should be prosecuted as individuals, either as principals, or aiding and abetting or procuring an offense to be committed, according to its character or magnitude.

"It is a doctrine then, in conformity with the demands of justice, and a proper distinction between the innocent and guilty, that when a crime or misdemeanor is committed under color of corporate authority, the individuals acting in the business, and not the corporation, should be indicted. Angell & Ames on Corporations, 396, sec. 9.

"We think it can not be doubted that the erection of a public nuisance is a misdemeanor.

"There are cases where *quasi* corporations are indictable for neglect of duties imposed by law. Towns, for instance, charged with maintenance of the public highways, are by statute indictable for any failure of duty in this respect.

"The corporation here attempted to be charged have violated no duty imposed upon them by statute. Whatever has been done was by the hand or procurement of individuals. They may be indicted and punished, and the nuisance abated. We have been referred to no precedent where an indictment has been sustained against a corporation upon such a charge, and in our opinion the individuals concerned, and not the corporation, must be held criminally answerable for what was done."

Whatever may be the rule in *England,* and in those states in which the common law as to crimes is recognized, in this state, under the criminal law, a corporation can not be prosecuted by information or otherwise for a misfeasance.

Judgment is affirmed.

*Solon Russell* and *John Schwartz,* for appellant.

*Theodore Gazlay* and *Carter Gazlay,* for appellee.

Counsel for appellant argued: 1. The word "person," in the statute defining the offense charged, extends to bodies politic and corporate. 2 R. S., p. 223, sec. 797. 2. Corporations are liable to indictment for the neglect of any public duty. Angell & Ames on Corporations, 392; Arch. Crim. Prac. and Plead., p. 8; 11 Wend. 539; *State* v. *Dover*, 9 N. H. 468; *B. S. & M. Railroad Co.* v. *The State*, 1 Fogg, (32 N. H.,) 227 *et seq.; State* v. *Morris and Essex Railroad Co.*, 3 Zabriskie, 360; Redfield on Railways, 515–516; Pierce on American Railroad Law, p. 232; Shelford on Railways, vol. 2, p. 579.

Counsel for appellee argued: 1. The word "person" in the criminal code can not include corporations, for that would work absurdity. 2. A corporation acts only by and through its agents, and it is well settled that a party can not commit a crime by an agent or servant. 3. The cases cited by appellant are based upon local statutes or *English* common law. See *contra, Orr* v. *Bank of the United States et al.*, 1 Ohio Rep. 36; *The State* v. *The Great Works Milling and Manufacturing Co.*, 20 Maine, 41.