## ARDERY v. THE STATE.

CRIMINAL LAW.—*Defining Crimes.*—Crimes not defined by the statutes creating them may be defined by the proper courts.

SAME.—*Repeal of Statute.*—Section 2 of the act of May 31st, 1852, "declaring the law governing this State," (1 R. S. 1876, p. 605,) was repealed by implication by the act of June 14th, 1852, (2 R. S. 1876, p. 457,) "defining misdemeanors," etc.

SAME.—*Public Indecency.*—*Indictment.*—An indictment charged that the defendant, on, etc., at, etc., "did then and there, in a public place, make an indecent exposure of his person, by then and there making an uncovered exhibition of his privates, in presence of divers persons then and there assembled."

*Held,* that such indictment sufficiently charges public indecency.

From the Bartholomew Circuit Court.

*R. Hill,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

PERKINS, C. J.—The appellant was prosecuted, before a justice of the peace, for public indecency, upon the following affidavit:

"Andrew J. Galbraith swears, that, on or about the 8th day of October, 1875, at the county of Bartholomew, State of Indiana, one Henry Ardery did then and there, in a public place, make an indecent exposure of his person, by then and there making an uncovered exhibition of his privates, in presence of divers persons then and there assembled, contrary to the form of the statute in such case made and provided, as affiant is informed and verily believes.    ANDREW J. GALBRAITH."

" Subscribed and sworn to before George W. Arnold, Justice of the Peace."

A motion to quash was overruled by the justice. Trial and conviction before the justice. Appeal to the circuit court. Motion to quash repeated in that court; motion overruled. Trial by jury; conviction and fine; motion in arrest overruled, and appeal to this court.

The evidence is not in the record.

The only point made in this court is, that the offence of public indecency, not being defined by statute, is not punishable.

The statute requiring crimes and misdemeanors to be defined by statute, and not otherwise, having been approved before the act creating crimes and misdemeanors, was repealed by the latter, and crimes and misdemeanors may now be defined by the court, in the absence of definitions in the statute creating them. *Hood* v. *The State, ante,* p. 263, and cases there cited.

The enquiry, therefore, arises for this court to answer, is the exposure, in a public place, to divers persons there assembled, by a person, of his or her private parts, a public indecency? *Prima facie,* we think, it is, if there is in the world any such thing as public indecency.

Immediately after the fall of Adam, there seems to have sprung up in his mind an idea that there was such a thing as decency and such a thing as indecency; that there was a distinction between them; and, since that time, the ideas of decency and indecency have been instinctive in, and, indeed, parts of, humanity. And it historically appears that the first most palpable piece of indecency in a human being was the public exposure of his or her, as now commonly called, privates; and the first exercise of mechanical ingenuity was in the manufacture of fig-leaf aprons by Adam and Eve, by which to conceal from the public gaze of each other their, now, but not then, called, privates. This example of covering their

privates has been imitated by all mankind since that time, except, perhaps, by some of the lowest grades of savages.

Modesty has ever existed as one of the most estimable and admirable of human virtues.

The parts of the body which are charged, in this case, to have been exposed, are the parts referred to in the statute, the exposure of which is declared to be public indecency, but which decency forbids should be technically named in the statute.

We have no difficulty in deciding that the act charged against the appellant, in this case, constituted public indecency, and no hesitancy in affirming the judgment against him for the offence of which he was twice convicted.

The judgment is affirmed, with costs.