## KISER *v.* WOODS.

HABEAS CORPUS.—*Larceny by Bailee.—Venue of Crime.—Officer.*—Where one obtains in another State the possession of money as a bailee, with the consent of the owner, with the felonious intent, then and there formed, of taking and converting the same to his own use in this State, proof of such fact and of a taking pursuant to such intention is sufficient evidence of larceny to warrant a justice of the peace in committing him to await the action of the grand jury against him for larceny, and to resist an application for a writ of *habeas corpus,* against an officer having him in charge under such commitment.

From the Judge of the Wabash Circuit Court.

*M. H. Kidd,* for appellant.

*C. A. Buskirk,* Attorney General, and *M. Good,* for appellee.

BIDDLE, J.—Complaint for a writ of *habeas corpus*.

The writ was allowed by the Hon. JOHN U. PETTIT, Judge of the 27th Judicial Circuit. The appellee made return to the writ, that he held the appellant by virtue of a *mittimus* issued by a justice of the peace, committing him to the jail of the county, in default of giving bail as required, on a charge of grand larceny.

Issue was joined, the cause heard, and the prisoner remanded. He appeals.

The question made in the case is upon the sufficiency of the evidence to commit the appellant for trial. It is as follows:

Alice Stewart, being duly sworn, testified:

" The plaintiff and I were engaged to be married, about four weeks ago; we never kept company but once, but lived in the same family since that time; I have known the plaintiff since last Summer; soon after the engagement, I got fifty dollars of money I had loaned out, which came from 'my father's estate, and, at his request, gave it to him to keep for me; we were to have been married about that time, but were disappointed, and it was postponed; about three weeks after this, I got fifty dollars more from the same source, and, by his stating to me that it would be safe for him to take charge of it, I let him have the money; this was two days before we left Van Wert, Ohio; this was my money; at this time we had made arrangements to go to Muncie, Indiana, to be married at my brother and sister's; and on Saturday morning last, being the Saturday after I had let him have the money on Thursday, we started for Muncie; I had never been there before and didn't know the way; he purchased the tickets at Van Wert, Ohio, for both of us; we took the train, and as we passed through Fort Wayne, I asked him if that was not the place to change cars; he told me it was not, that Columbia City was the place; we went on to Columbia City, and there waited several hours for the train; he bought tickets for both of

us, and gave them to the conductor; I did not know where they were to, but thought we were going on to Muncie; when we came near Liberty Mills, Wabash county, Indiana, he made an excuse to me that he wanted to go into the baggage car, to fasten our trunks together with twine, as my trunk was not very stout, and it might burst open; he said he might be gone for half an hour, and for me not to be uneasy, as he would return as soon as he got the trunks fixed; the train passed on through Liberty Mills, and when we got near Roan, in Wabash county, Indiana, the conductor told me that the plaintiff had got off of the train and took his baggage off at Liberty Mills, and that his ticket was for Liberty Mills and mine for Logansport; I got off at Roan, and had him arrested; I gave him all the money at Van Wert, Ohio, and have never seen any of it since, and don't know what he did with it; I have never asked him for the money; I will be twenty-one years old in June next; I have a brother and sister living in Muncie, Indiana; I had no money except two dollars which defendant gave me before we left Van Wert and fifty cents he gave me at Columbia City; he told me at Columbia City that we would have to go by Logansport, to get to Muncie."

" It was admitted by the plaintiff and prosecuting attorney, that the plaintiff was arrested last Sunday at his brother-in-law's house, near Liberty Mills, Wabash county, Indiana; and that he denied having any of Miss Stewart's money, and said he was not engaged to her, and that the whole thing was a put-up job; and had in his possession at the time twenty-one dollars in money. This was all the evidence given in the case."

The appellant insists, that a larceny committed in another State can not be punished in this State, and cites the case of *Beal* v. *The State*, 15 Ind. 378. But, in the case before us, while the felonious intent to commit the larceny may have been fully conceived while the appel-

lant was in the State of Ohio, yet the evidence does not show that the act of feloniously taking the money, without which no larceny could have been committed, occurred until after the appellant was in the State of Indiana. Obtaining the money in Ohio, and accompanying the prosecutrix with it to Indiana, without any other act, would hardly warrant the conclusion of a felonious taking; but when the appellant left her, and took the money with him, it might be held as a felonious taking, if the original intent in obtaining the money in Ohio, with the intent of so-taking it in Indiana, was felonious. In such a case it would amount to a larceny committed in the State of Indiana. As it appears to us, the marriage contract, obtaining the money, starting to Muncie to be married, taking the wrong road, and leaving the train clandestinely at Liberty Mills with the money, are facts which tend strongly to show the original felonious intent, in the State of Ohio, and the final accomplishment of the larceny, in the State of Indiana. In our opinion the judge did not err in remanding the appellant.

The judgment is affirmed, at the costs of the appellant.