Stephens v. The State.

No. 12,755.

STEPHENS v. THE STATE.

CRIMINAL LAW.—*No Common Law Offences in this State.*—There are no common law offences in this State, and there can not be a conviction for any offence which is not defined by statute. Section 237, R. S. 1881.

SAME.—*Indecent Liberties with Girl Under Twelve Years of Age.*—*Assault.*—

*Consent.—Indictable Offence.—Statute Construed.*—One who merely takes in-
decent liberties with a girl under twelve years of age, with her consent,
but upon her refusal to consent to sexual intercourse desists, is not, un-
der existing statutes, guilty of an indictable offence, the girl having
sufficient intelligence to understand the nature of his conduct. Sections
1909 and 1917, R. S. 1881, are construed.

ELLIOTT, J., dissents.

From the Tippecanoe Circuit Court.

*R. P. DeHart, J. R. Coffroth* and *T. A. Stuart,* for appellant.
*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

NIBLACK, J.—This was a prosecution against the appel-
lant, David Stephens, upon an indictment containing two
counts. The first count charged the appellant with having
made an attempt to commit a violent injury upon one Annie
Myers, a female child under twelve years of age, with intent
to feloniously ravish and carnally know her the said Annie.

The second count charged substantially the same offence,
giving only the details of the alleged transaction with greater
particularity.

A jury found the appellant guilty as charged, and he was
adjudged to pay a fine of $25 and to be imprisoned in the
State's prison for the term of ten years.

The evidence tended to show that Annie Myers, the pros-
ecuting witness, was a female child between eleven and twelve
years of age, and was a good deal upon the street, volunta-
rily soliciting contributions for the support of herself and
her mother; that she did not know the appellant by name,
yet she had frequently seen him upon the streets of the city
of Lafayette, and had sometimes spoken to him; that at
the foot of Brown street, in that city, there is a bridge across
the Wabash river, known as the Brown Street Bridge; that
during an afternoon in July, 1885, the appellant met Annie
Myers, above named, on a street not far from the Brown
street bridge, and solicited her to go to the Brown street
bridge with him, promising to give her a nickel if she would
go; that she at first declining, he, the second time, urged and

Stephens *v.* The State.

coaxed her to go, again promising to give her a nickel if she would consent to go; that she thereupon consented to go, and went to and into the bridge; that the appellant soon followed, and, after entering the bridge, opened his pantaloons and exposing his private parts to the child, had her place her hand upon that part of his body; that he then hugged and fondled the child, at the same time raising her clothes in front and pressing his private parts against her body; that, in this position, he solicited her to permit him to have sexual intercourse with her, but she would not consent; that dallying in this way for a few moments, he desisted from further liberties, gave the child a nickel and went away; that everything that was done at the time was with the consent of the child, she objecting only to the proposed sexual intercourse which the appellant did not urgently insist upon, and which he did not, in any manner, accomplish.

Section 1917 of the last revision of the statutes of this State, declares that, " Whoever unlawfully has carnal knowledge of a woman forcibly against her will, or of a female child under twelve years of age, is guilty of rape, and, upon conviction thereof, shall be imprisoned in the State prison not more than twenty-one years nor less than five years."

It was previously provided by section 1909 of the same revision of the statutes, that, " Whoever perpetrates an assault or an assault and battery upon any human being, with intent to commit a felony, shall, upon conviction thereof, be imprisoned in the State prison not more than fourteen years nor less than two years, and be fined not exceeding two thousand dollars."

Although the indictment in this case was formally based upon this latter section, a proper decision of this appeal involves, to some extent at least, a construction of both sections of the statutes above set out.

It was enacted in 1852 as a part of our revised system of laws, passed during that year, that thereafter " Crimes and misdemeanors shall be defined, and punishment therefor fixed

by statutes of this State, and not otherwise," and that provision of law still continues in force. R. S. 1881, section 237. In giving a construction to that enactment, it has been uniformly held that we have no longer any common law offences in this State, and that however immoral, reprehensible or revolting an act may be, it can not be punished either as a crime or misdemeanor unless it has been defined and declared to be either the one or the other by some statute. *Rosenbaum* v. *State*, 4 Ind. 599; *Hackney* v. *State*, 8 Ind. 494; *Dillon* v. *State*, 9 Ind. 408; *Beal* v. *State*, 15 Ind. 378; *State* v. *Ohio, etc., R. R. Co.*, 23 Ind. 362; *Jones* v. *State*, 59 Ind. 229.

Unless, therefore, it was made to appear by the evidence that the appellant, in what he did, violated some express statutory provision, his conviction of the offence with which he was charged can not be sustained.

Both counts of the indictment, in legal effect, charged the appellant with having made an assault upon the prosecuting witness, with the intention of committing a rape upon her. It was, therefore, incumbent upon the State to prove that, at the time to which the evidence had relation, the appellant had the *intention* of committing a rape upon the prosecuting witness, and that he at the same time made an *assault* upon her in pursuance of that *intention*.

It is conceded that if the appellant had persisted, and had succeeded in having sexual intercourse with the prosecuting witness, he would have been guilty of rape. The fair inference, too, from the evidence was that he desired to have such sexual intercourse, and probably would have consummated his desire if circumstances had proved to be, in all respects, favorable to such a result. But to entitle the State to maintain a prosecution for an *evil intention*, some concurring act must have followed the *unlawful thought*. As in contract, so in tort or crime, a mere unexecuted *intention* does not bind or commit the person who conceives or indulges it. *Parmlee* v. *Sloan*, 37 Ind. 469, 482; 1 Bishop Crim. Law, sec-

tion 204 ; *Clements* v. *State*, 50 Ala. 117. So, if a party abandon his *evil intention* at any time before so much of the act is done as constitutes a crime, such abandonment takes from what has been done its indictable quality. 1 Bishop Crim. Law, sections 208*a* and 733.

Applying the law, as stated, to so much of the evidence as tended to disclose an *intention* on the part of the appellant to have sexual intercourse with the prosecuting witness, the question remains, did the appellant commit an *assault* upon the prosecuting witness, within the meaning of section 1909 of the statutes herein above set forth?

Whoever, having the present ability to do so, unlawfully attempts to commit a violent injury on the person of another, is guilty of an assault (R. S. 1881, section 1910), and this implies an unwillingness, or want of consent, on the part of the party assailed.

The question as to whether a female child, under the age which disqualifies her from assenting to sexual intercourse, may so far consent to the taking of improper and indecent liberties with her person, as to relieve such liberties of their unlawful and indictable character, is one which has received some attention both in England and in this country, but is a subject upon which the authorities are not numerous and are very considerably in conflict. But the difference between the statutes, or systems of jurisprudence, upon which some of the decided cases rest, is sufficient to account for the conflicting conclusions respectively reached by them.

At common law an attempt to commit a rape was a misdemeanor only, and Bishop on Statutory Crimes, at section 496, says that "by the better judicial determinations, there can not be, under the common law rules, an assault with intent to have the criminal carnal knowledge of a girl with her consent; because, by the common law, violence consented to is not an assault, and the statute which makes her consent immaterial in defence of the carnal knowledge does not extend also to the assault."

The same author, continuing through sections 498 and 499, further says: "Some of our American courts, without express statutory aid, have held that the girl's legal incapacity to consent to the carnal act extends also to render her incapable of consenting to the violence which, in the absence of her consent, would by all be deemed to constitute an indecent assault. So that, by these opinions, there may be a conviction for assault with intent to commit carnal abuse. Still, though, by what we have seen to be the better doctrine, the law does not term this act an assault, by reason of the girl's consent. * * * * * But in a State where there are no common law crimes, it is not so indictable; and, in the absence of a statute to meet the case, the offender must escape."

The doctrine thus announced by Bishop is well supported in general terms by the cases of *Smith* v. *State*, 12 Ohio St. 466, *State* v. *Pickett*, 11 Nev. 255 (21 Am. R. 754), *Regina* v. *Connolly*, 26 Upper Canada Queen's Bench, 317, *Regina* v. *Mehegan*, 7 Cox Crim. Cases, 145, *Cliver* v. *State*, 45 N. J. Law, 46, and, as we believe, by the decisive weight of authority.

As holding a contrary doctrine, see the cases of *People* v. *McDonald*, 9 Mich. 149; *Hays* v. *People*, 1 Hill, 351; *Regina* v. *Beale*, L. R. 1 Crown Cases, 10; *State* v. *Johnston*, 76 N. C. 209.

All these last named cases were, however, decided under statutes differing in some respects from ours, to which we have referred, and upon facts distinguishable from those now before us, and hence we do not regard those cases as of controlling authority in this cause.

In England, a statute was passed in 1880, which makes it "no defence to a charge or indictment for an indecent assault on a young person under the age of thirteen to prove that he or she consented to the act of indecency," and some of the States in this country have statutes more or less similar, but, doubtless through inadvertence, we have no statute changing the common law rule, as herein above stated, on

the subject of the mere indecent abuse of children, and, for that reason, the doctrine announced on that subject by Bishop, as above, is applicable to the condition of affairs now existing in this State. Still, in respect to the evidence on the question of an assault, the tender years, the inexperience and the subjection of the child will be taken into the account, and often a very small circumstance will be permitted to overcome the child's apparent consent.

In the present case, it was shown by the evidence that the prosecuting witness had sufficient intelligence to understand the nature of the liberties which the appellant took with her, and to realize the extent to which such liberties could be indulged without absolute physical injury.

In our opinion, therefore, the evidence failed to show an assault upon the prosecuting witness within the meaning of the statute defining felonious assaults.

The judgment is reversed, and the cause remanded for a new trial. The clerk will give the necessary notice for a return of the prisoner.

Elliott, J., dissents.

Filed June 25, 1886.