THE STATE, *Appellant*, v. WRAY.

DIVISION TWO.

1. **Revised Statutes:** PUBLISHED COPIES PRIMA FACIE EVIDENCE. The Revised Statutes as published by the state are *prima facie* evidence of the enrolled laws of which they purport to be copies.

2. ———: ———. The presumptions of validity which attach to the original rolls follow and attach to such verified published copies.

3. ———: VALIDITY OF LAWS: CONSTITUTION. It devolves on one assailing the validity of laws on the ground that constitutional requirements have not been observed in their enactment to prove the fact of such omissions by the journal entries.

4. ———: VALIDITY OF STATUTE. The failure of the revision committee to note at the lower margin of a section of the Revised Statutes of 1889 the fact that it was an amendment of a section of the revision of 1879 does not affect the validity of the former section.

5. **Criminal Practice:** ASSAULT TO RAPE: INDICTMENT. An indictment under Revised Statutes, 1889, sections 3480 and 3490, for an assault with intent to rape upon a child under fourteen years of age, need not allege that there was any violence used, or that the act was done without the child's consent.

*Appeal from Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*John M. Wood,* Attorney General, and *John A. Blevins,* Prosecuting Attorney, for the State.

(1) The circuit court erred in sustaining the demurrer to the indictment. The indictment is founded upon section 3480 of the Revised Statutes of 1889. It follows the indictment heretofore approved by this court in the case of *State v. Meinhart,* 73 Mo.

562. See also case of *State v. Smith*, 80 Mo. 516. (2) The objection raised in the demurrer, that section 3480 of Revised Statutes of 1889 is unconstitutional, and that the change of the age of consent from twelve years to fourteen years is an interpolation made without authority, is not well taken. Although section 1253 of Revised Statutes of 1879, as amended by the legislature of 1889, does not appear in the Session Acts of 1889, yet the statutes of 1889, as published and distributed by the secretary of state, under his certificate, that they are true copies of the original rolls, are *prima facie* evidence that they are correct. R. S. 1889, sec. 6613; *Selden v. Railroad*, 19 Mo. App. 334. (3) In this case an inspection of the original rolls on file in the office of the secretary of state shows that section 1253 of the Revised Statutes of 1879 was amended by the legislature of 1889, and that by said amendment the age of consent was changed from twelve years to fourteen years. These original rolls are the best evidence. *Pacific v. Seifert*, 79 Mo. 210. (4) The failure of the committee on revision to indicate by note or reference at the lower margin of section 3480, Revised Statutes, 1889, that section 1253, Revised Statutes, 1879, was amended, is a frivolous objection and without merit. These notes, references and catch-words are no part of the law, and the mere omission of the committee to give such references for the convenience of the profession, or even if they should have given a wrong reference, would in no manner detract from the virtue of a valid statute. R. S. 1889, sec. 6609; *State v. Saline Co.*, 51 Mo. 350. (5) The court will presume the act of the legislature revising article 2 of chapter 24 of Revised Statutes of 1879 constitutional, and the burden is upon the defendant to show the contrary beyond a doubt. Unless the unconstitutionality of this act is established by the defendant, the indict-

ment in this case is valid, and charges an offense under the statutes. *State v. Addington,* 77 Mo. 110; *State ex rel. v. Laughlin,* 75 Mo. 147; *State ex rel. v. Ransom,* 73 Mo. 78; *County Court v. Griswold,* 58 Mo. 175; *Phillips v. Railroad,* 86 Mo. 540.

*A. W. Anthony* and *John D. Bohling* for respondent.

(1)   The controlling question in *State v. Meinhart,* 73 Mo. 562, cited by the state, was whether the omission of the specific word "rape" vitiated the indictment. The court held it did not.   Further than this, that case is no authority, and its *dicta* contrary to law.   (2)   At common law the carnal knowledge of a female under ten years of age, with her consent, was not rape.   2 Bishop on Criminal Law [3 Ed.] secs. 1070, 1088; 2 Wharton on Criminal Law [6 Ed.] note "b" to sec. 1129, and note "c" to sec. 1130; Roscoe on Criminal Evidence [2 Ed.] notes by SHARSWOOD (1840), p. 801, side p. 802.   (3)   Statutes in derogation of the common law must be strictly construed.   (4)   The indictment should use words "forcibly and against her will," or that the assault was made with intent to have improper connection with a female under age, etc.   2 Wharton on Criminal Law [6 Ed.] sec. 1156.   (5)   The state takes some pains to show that the change of the age of consent from twelve to fourteen years was properly made, and is a valid law.   Let us see about that.   It is true that printed statutes are *prima facie* evidence of what the law is; but this may be rebutted by the legislative journals.   1 Greenleaf's Evidence [3 Ed.] sec. 491, top p. 648.   It is not pretended by the state that the journals anywhere show the passage of an amendment changing the age of consent from twelve to fourteen years.   Neither is it pretended that a vote was taken

in either house upon such amendment, as is required by the constitution. Even if the whole chapter is void it is not our fault, and we are entitled to the benefit if such be the case. (6) The revising committee could not make laws. *Barr v. Flynn*, 20 Mo. App. 387.

MACFARLANE, J.—A demurrer to the indictment was sustained, and the state appealed. The charges contained in the indictment were as follows: "That James M. Wray, late of the county of Morgan, on or about the twenty-second day of August, A. D. 1890, at the said county of Morgan, in the state of Missouri. in and upon one Nora E. Gaither, a female child under the age of fourteen years, to-wit, of the age of thirteen years, unlawfully and feloniously did make an assault, with the intent her, the said Nora E. Gaither, then and there feloniously to unlawfully and carnally know and abuse, contrary," etc.

Two objections were made to the indictment. *First*, that section 3480 under which the indictment was drawn was not enacted with the formalities made mandatory by the constitution, and the word "fourteen" contained in the statute was not contained in the bill as passed by the general assembly.

The statute is upon its face presumptively valid. The statute rolls on deposit in the archives of the state, bearing the approval of the governor, and on its face showing that all prerequisite constitutional requirements have been complied with, corresponds exactly and literally with the published statutes.

The objection to this law was raised by demurrer. No evidence was, therefore, introduced to rebut the strong presumption the law raises that the legislature proceeded regularly and according to all constitutional mandates in the enactment of the law. This presumption is conclusive except as to matters upon which the

constitution makes the validity of the enactment rest. In respect to such matters the constitution is mandatory, and the rolls themselves may be contradicted by journal entries, and the law itself overthrown, if these entries show clearly, and beyond all doubt, a want of conformity to the mandates of the constitution. *State ex rel. v. Mead*, 71 Mo. 268; *Jennings v. Russell*, 92 Ala. 603; *Speer v. Mayor*, 85 Ga. 52; *The People ex rel. v. McElroy*, 72 Mich. 447; *Weyand v. Stover*, 35 Kan. 545.

It may also be said that courts may, and often do, take judicial notice of the journal entries of the houses of the general assembly; at the same time they are only evidence upon which facts are to be determined, though upon these facts the validity of a law may ultimately depend. This evidence should be brought before the court. The Revised Statutes as published by the state are made *prima facie* evidence of the enrolled laws of which they purport to be copies. R. S. 1889, sec. 6613. The presumptions of validity which attach to the original rolls follow and attach also to these verified published copies.

The Revised Statutes then stand as embodying the laws of the state, and it devolves upon anyone attacking the validity of any of these laws, on the ground that constitutional requirements had not been observed in their enactment, to prove the fact of such omissions by the journal entries. Courts are satisfied to take the statutes as furnished by the legislature, and give them full faith and credit, without seeking in each case to learn from the legislative record whether that act was passed legally and regularly. When evidence of non-compliance is properly brought to our attention we will then act upon it; our duty does not require us to go beyond this even in criminal cases and seek for grounds upon which to overthrow the work of the

co-ordinate branch of the government. The presumption of the validity of the law was not overcome. The non-compliance of the revision committee with the requirements of section 6609 in failing to note, at the lower margin of section 3480, the amendment of section 1253, Revised Statutes, 1879, does not affect the validity of the section as amended. These notations were only intended to aid and facilitate the examination and investigation of the statute on any particular subject, and not to enlarge, modify or repeal the law or affect it in any manner.

II. The second ground of objection to the indictment is that it is insufficient under said sections 3480 and 3490. The objection as we understand it is put upon the ground that there could be no criminality in an assault, made with the consent of the person assaulted, unless expressly declared criminal by the statute, which is not done here.

Rape is defined, under section 3480, as follows: "Every person who shall be convicted of rape, either by carnally and unlawfully knowing any female child under the age of fourteen years, or by forcibly ravishing any woman of the age of fourteen years or upwards, shall suffer death or be punished by imprisonment in the penitentiary not less than five years, in the discretion of the jury."

Section 3490 provides that every person who shall be convicted of an assault with intent to commit * * * rape * * * shall be punished, etc.

Carnal knowledge of a female child under fourteen years of age is rape under this statute, whether accomplished with or without force, or with or without the consent of the child. It follows that an assault with the intent to have carnal knowledge of a female child under fourteen years of age would constitute a crime

punishable under section 3490, regardless of the use of force on the one part or granting consent on the other.

In the case of *State v. Meinhart*, 73 Mo. 563, a demurrer to an indictment in the exact language of this one was sustained, and an appeal taken by the state to this court, where the indictment was held good. RAY, J., who wrote the opinion of the court, says: "When section 1263 (3490), in declaring the punishment which shall be inflicted upon every person convicted of an assault to commit any of the various offenses therein specified, uses the word 'rape' it means and imputes an assault to perpetrate either one of the state of facts which section 1253 (now 3480) defines to be a rape; and an indictment which charges, as in this case, 'an unlawful and felonious assault with intent her, the said Amelia Thomas, then and there feloniously to unlawfully and carnally know and abuse' is clearly good under the statute." *McComas v. State*, 11 Mo. 117; *State v. Dalton*, 106 Mo. 463; *State v. Jaeger*, 66 Mo. 175.

We are aware that under common-law rules it is generally held that there cannot be an assault with intent to have carnal knowledge of a child with her consent; "because, by the common law, violence consented to is not an assault, and the statute which makes her consent immaterial in defense of the carnal knowledge does not extend also to the assault." Bishop's Statutory Crimes, secs. 496, 499.

There are cases which have followed the common-law rule, though in jurisdictions in which one statute makes carnal knowledge of a female child under the age of consent rape, and another statute declares it a crime to perpetrate an assault with intent to commit any felony. See *Stephens v. State*, 107 Ind. 185; 8 N. E. Rep. 94. We recognize the force of the argument in this line of decisions under statutes as

general as those. Our statute, however, would scarcely be more explicit if it declared in express terms, that an assault upon a female child, under fourteen years of age, with intent to carnally know her, would be a crime, though the child consented to the assault. We think the indictment good. Judgment reversed and cause remanded.