No. 1,722.

STATE *v.* SULLIVAN COUNTY AGRICULTURAL SOCIETY.

CRIMINAL LAW.—*Common Law Crimes.*—Common law crimes do not exist in this State.

SAME. — *Gaming Tenement. — Corporation. — Public Nuisance. — Statute Construed.*—A corporation is not indictable under section 2173, R. S. 1894, for keeping a tenement for gaming, although it may be liable under section 1970, for maintaining a public nuisance, where the gaming is carried on to such an extent as to make it a nuisance.

From the Sullivan Circuit Court.

*W. A. Ketcham,* Attorney-General, *M. Moores, W. L. Slinkard,* Pros. Attorney, and *C. D. Hunt,* for State.

*J. S. Bays,* for appellee.

DAVIS, J.—This was an indictment in two counts against the Sullivan County Agricultural Society, under section 2173, R. S. 1894, for keeping a tenement for gaming.

The indictment was quashed in the circuit court, and the State appeals.

Our criminal law is entirely statutory, and not of common law origin. Section 237, R. S. 1894; *Beal* v. *State,* 15 Ind. 378 ; *Stephens* v. *State,* 107 Ind. 185.

In this State a corporation cannot be indicted for a crime except as provided by statute. *State* v. *Ohio, etc., R. W. Co.,* 23 Ind. 362.

Corporations may be prosecuted in this State for "erecting, continuing or maintaining a public nuisance, or for obstructing a public highway or navigable

stream." Section 1970, R. S. 1894, and section 1754, R. S. 1894. *State* v. *Baltimore, etc., R. R. Co.*, 120 Ind. 298.

In this case no charge is made that the appellee did anything that was injurious or offensive to some portion of the inhabitants of the State. Section 2153, R. S. 1894; *State* v. *Houck*, 73 Ind. 37.

It is not charged in either count of the indictment that any gaming was ever carried on, much less that it was carried on to such an extent as to make it a nuisance.

We apprehend that an agricultural society may be prosecuted for keeping a tenement for gaming, provided it is carried on to such an extent as to make it a nuisance, notwithstanding the officers may be prosecuted for the violation of any of the provisions of section 2174, R. S. 1894, but this question is not before us.

In our opinion there was no error in sustaining the motion to quash the indictment.

Judgment affirmed.

