## STATE, EX REL. VOYLES, *v.* FRENCH LICK SPRINGS HOTEL COMPANY.
## STATE, EX REL. VOYLES, *v.* WEST BADEN SPRINGS COMPANY.

[Nos. 6,399, 6,400.    Filed November 26, 1907.    Rehearing denied October 6, 1908.] ·

1.  CORPORATIONS. — *Information.* — *Quo Warranto.* — Under §1188 Burns 1908, §1131 R. S. 1881, the prosecuting attorney is authorized to file an information against a corporation where it has been guilty of abuses of its corporate privileges. p. 283.

2.  PLEADING. — *Complaint.—Quo Warranto.—Corporations.—Franchises. — Misuser. — Defenses.*—An information against a hotel company alleging that it constructed a large casino at which men, women and children gambled, that it habitually and persistently violated the criminal laws and that gamblers congregated therein, received entertainment and engaged in their vocation, states a cause of action, and it is no defense thereto that such company successfully conducted a hotel, or made a certain form of agreement as to the division of the gambling spoils.   pp. 283, 286.

3.  QUO WARRANTO.—*Relators.—Prosecuting Attorneys.—Voluntary Corporations.*—The prosecuting attorney is a proper relator in an information in the nature of *quo warranto* against a hotel company incorporated under the voluntary associations' act (§4286 Burns 1908, Acts 1901, p. 289, §1), though §4320 Burns 1908, Acts 1901, p. 289, §29, authorizes the Auditor of State to investigate such associations at any time, and to report improper conduct to the Attorney-General for action.   p. 284.

4.  STATUTES.—*In Pari Materia.*—Statutes passed at different times concerning the same subject-matter, and which are not necessarily conflicting, will be deemed valid.   pp. 285, 287.

5.  CORPORATIONS. — *Charters.—Implied Conditions.—Crimes.—Forfeiture.*—Corporations in accepting their charters, impliedly agree, upon condition of forfeiture, to conduct their business conformably to the laws of the State, and not to commit crimes. p. 286.

6.  SAME.—*Indictments Against.—Forfeiture.*—Corporations are indictable only where a statute so provides; but their charters may be forfeited at the suit of the State.   p. 287.

From Orange Circuit Court; *Thomas B. Buskirk,* Judge.

Informations by the State of Indiana, on the relation of Willard H. Voyles, as Prosecuting Attorney for the Forty-

second Judicial District, against the French Lick Springs Hotel Company, and the West Baden Springs Company. From judgments for defendants, the State appeals. *Reversed.*

· *Charles W. Miller,* Attorney-General, *Willard H. Voyles,* Prosecuting Attorney, *C. C. Hadley, W. C. Geake* and *H. M. Dowling,* for the State.

*Alonzo Greene Smith, Bernard Korbly, John W. Kern, M. B. Hottel, Perry McCart* and *William C. Mitchell,* for appellees.

ROBY, C. J.—These actions were brought by the State, on relation of the prosecuting attorney of the forty-second judicial district.

1. The appellees are corporations organized under section one of the act of March 9, 1901 (Acts 1901, p. 289, §4286 Burns 1908), concerning the organization of voluntary associations. The purpose of their organizations was to own and operate hotels and health resorts. The theory upon which the complaints proceed is that they have abused their corporate privileges and franchises and that because thereof their existence should be terminated. The procedure followed is authorized by the act of April 7, 1881 (§1188 Burns 1908, §1131 R. S. 1881).

The trial court sustained demurrers to the complaints, and the correctness of its action therein is duly presented and is the sole question for determination.

2. The averments of the pleadings show that as a part of their enterprises each of appellees constructed or acquired a large building called a casino, to which men, women and children had free access, and in which gambling in many forms was systematically conducted. It is averred, both generally and specifically, that the criminal law was habitually and persistently violated; that the resorts had been widely advertised throughout the United States as places where gamblers would be lavishly enter-

tained and could engage in their unlawful practices without fear of molestation, and that the local authorities were unable to enforce the law. The argument against the sufficiency of the facts stated in the complaints is confined to the proposition that the corporations are affirmatively shown to have successfully carried on the business for the doing of which they were chartered. This argument does not take into account the fact that the corporations are not charged with nonfeasance but with malfeasance. To have successfully conducted a hotel is no answer to a charge of contributing to the delinquency of children. It may also be observed that the form of any agreement as to the division of spoils between persons engaged in the commission of crime is likewise immaterial. The demurrers, in so far as they raised the question of insufficient facts, should have been overruled.

The further propositions argued are that the prosecuting attorney is not a proper relator; that the actions to terminate the existence of corporations organized under the act of 1901, *supra,* concerning the incorporation of voluntary associations can be brought only on the relation of the Attorney-General, and that the provisions of said act as to such forfeiture render the act, under which these proceedings are brought, inapplicable. Section 1188, *supra,* provides as follows: "An information may be filed against any person or corporation in the following cases: * * * Fourth. Or where any corporations do or omit acts which amount to a surrender or a forfeiture of their rights and privileges as a corporation, or where they exercise powers not conferred by law."

Section 1189 Burns 1908, §1132 R. S. 1881, provides as follows: "The information may be filed by the prosecuting attorney in the circuit court of the proper county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court or other competent authority."

Section 4320 Burns 1908, Acts 1901, p. 289, §29, is as follows: "That such association, at the time of filing its said articles with the Secretary of State, shall likewise file a copy thereof in the office of the Auditor of State of the State of Indiana and shall also file in the office of the Auditor of State, from time to time, written or printed copies of its constitution and all by-laws thereafter adopted; and said Auditor of State shall have power to examine any such association at any time, and if upon any such examination said Auditor of State shall find that any such association is doing a business not authorized by law, he shall notify such association to cease doing such unauthorized business, and such association shall at once cease doing such unauthorized business; and if such association shall fail or refuse to cease doing such unauthorized business, or shall be insolvent, then in either such event the Auditor of State shall notify the Attorney-General of the result of such examination and condition, and the Attorney-General shall thereupon be authorized to institute proceedings for injunction, for a receiver or for a judgment of ouster by proceedings in *quo warranto,* or for sequestration of property, or such other legal proceedings as may be necessary or proper in the premises."

The rules by which acts of the legislature inconsistent with one another are construed and considered are elaborately stated in the briefs of respective counsel. They 4. are not regarded as material to these controversies, for the reason that the act of 1901, *supra,* is not inconsistent with the discharge of his duty by the prosecuting attorney. Under §4320, *supra,* the Auditor of State is given authority to examine corporations, and, when he finds them doing a business not authorized by law, to notify them to cease doing such unauthorized business, and upon their failure so to cease, or upon insolvency, to notify the Attorney-General, who shall thereupon be authorized to institute proceedings, etc.

The State does not charter corporations to commit crime. "Every private corporation, in accepting its charter, impliedly undertakes and agrees, upon condition of forfeiture, that it will exercise the rights and privileges conferred upon it in furtherance of the objects and purposes of its creation and not otherwise, and that it will so conduct its affairs that it shall not become dangerous to the safety or well-being of the state or community in and with which it transacts business." 2 Waterman, Corporations, §381. And see 2 Clark & Marshall, Priv. Corp., §314b, p. 877.

The institution of a proceeding on the relation of the prosecuting attorney puts it within the power of the State to enforce the duty owing to it by its creature, and to forfeit franchises for acts which in many instances are not punishable by indictment. The power of examination conferred upon the Auditor of State was not intended as a protection to corporations conducting gambling houses. The power conferred upon the Auditor may or may not be exercised. If it is, the Attorney-General thereby acquired authority to institute proceedings, but there is nothing in the act indicating a purpose to confer upon the Auditor of State those powers which belong to the courts and their officers.

The prosecuting attorney was a proper relator, and the judgments are therefore reversed, and the causes remanded, with instructions to overrule the demurrers to the complaints, and for further proceedings not inconsistent herewith.

Hadley, J., took no part in the decision of this case.

State, ex rel., *v.* French Lick Springs Hotel Co.—42 Ind. App. 282.

## On Petition for Rehearing.

Roby, J.—An implied condition which goes with every grant of corporate power is that the corporation thus created by the State will not violate the criminal law. See texts cited in original opinion; also *Rex* v. *Pasmore* (1789), 3 T. R. 199, 246; *People, ex rel.*, v. *Utica Ins. Co.* (1818), 15 Johns. *358, 8 Am. Dec. 243; *Trustees Dartmouth College* v. *Woodward* (1819), 4 Wheat. 518, 658, 4 L. Ed. 629; *State Bank* v. *State* (1823), 1 Blackf. *267; *Columbian Athletic Club* v. *State, ex rel.* (1895), 143 Ind. 98, 28 L. R. A. 727, 52 Am. St. 407. Corporations are indictable only when the legislature has specifically provided that they may be proceeded against (*State* v. *Sullivan County Agricultural Society* [1896], 14 Ind. App. 369; *State* v. *Ohio, etc., R. Co.* [1864], 23 Ind. 362), and such provision has been made in a limited number of cases only. See *Columbian Athletic Club* v. *State, ex rel.* (1895), 143 Ind. 98, 28 L. R. A. 727, 52 Am. St. 407; *Paragon Paper Co.* v. *State* (1898), 19 Ind. App. 314; *Acme Fertilizer Co.* v. *State* (1905), 34 Ind. App. 346, 107 Am. St. 190.

The practical difficulty of enforcing penalties against aggregations of capital, and the inefficiency of such penalties, may lead to future provisions whereby the owners will be made responsible for corporate crimes, and imprisoned therefor, as only natural persons can be, but the State is not now entirely without remedy. It has not created an artificial person above the law and superior in power to its creator. When the implied condition, before referred to, is disregarded, and the corporations enter upon an aggressive course of lawlessness, they may, in such proceedings as the ones at bar, be deprived of existence, thereby reaping the reward of their own wrongdoing.

Petition overruled.