## STATE OF INDIANA *v.* TERRE HAUTE BREWING COMPANY.

### [No. 23,026.    Filed April 20, 1917.]

1. CRIMINAL LAW.— *Crimes.— Origin.— Definition.— Statute.—* Since the enactment of §237 Burns 1914, §237 R. S. 1881, providing that crimes and misdemeanors shall be defined, and the punishment fixed by statute, criminal law in this State is of statutory origin, and a crime is an act committed ·or omitted in violation of a penal statute.    p. 249.

2. CRIMINAL LAW.— *Corporations.— Indictment.—* Corporations may be indicted only when the statutes have specifically so provided.    p. 250.

3. STATUTES.—*Criminal.—Construction.—*As a general rule, criminal statutes must be strictly construed to avoid the creation of penalties by construction.    p. 250.

4. STATUTES.—*Criminal.—Construction.—*A penal statute includes only those coming fairly within its import and crimes therein enumerated, and, in the absence of ambiguity in a statute, there is no room for construction as to the intention of the legislature.    p. 250.

5. ELECTIONS.—*Corrupt Practices.—Contributions by Corporation.—Statute.—Construction.—*The act of a' corporation in making a contribution to a person to promote the success of a principle to be voted on at a local option election is not a crime enumerated in §7111d Burns 1914, Acts 1913 p. 489, relating to the making of contributions to promote the success or cause the defeat of any political candidate or principle, since the statute applies only to politics as generally understood and does not extend to cover every possible principle which may be submitted to the electors.    p. 251.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Prosecution by the State of Indiana against the Terre Haute Brewing Company. From a judgment sustaining defendant's motion to quash the indictment, the State appeals.    *Affirmed.*

*Evan B. Stotsenburg,* Attorney-General, and *Wilbur T. Gruber,* for the State.

*Davis, Bogart & Royse,* for appellee.

MYERS, J.—On October 30, 1915, by indictment, appellee was charged with having violated what is known as the "Corrupt Practices Act," as defined by §7111d Burns 1914, Acts 1913 p. 489.

Appellee's motion to quash the indictment was sustained, and from a judgment discharging appellee the state appeals. The indictment, in substance, charges that The Terre Haute Brewing Company, a private corporation, did make a contribution of $200 to William Murphy Draper to promote the success of a principle to be voted on at a special election, commonly called a local option election, held in Curry township, Sullivan county, Indiana, on May 28, 1915, in accordance with the law of the State of Indiana governing such elections.

This indictment was drawn under §4 of the "Corrupt Practices Act," approved March 3, 1911, as amended in 1913, (§3, Acts 1913 p. 489, §7111d, *supra*). Appellee insists, as it did in the trial court, that under this section of the act a corporation is not subject to indictment, nor is the alleged offense within the definition of the particular statute. As to whether appellee could be guilty of any offense under this section, we are not concerned. The only question for decision is presented by the indictment and the motion to quash, and the answer depends upon whether or not the legislature in this section has expressly designated the crime for which appellee is indicted, as applicable to corporations, and fixed an appropriate penalty as a punishment.

Since the session of the legislature in 1852, our criminal law is entirely of statutory origin, and a crime may be defined as an act committed or omitted in violation of a penal statute. Section 237 Burns 1914, §237 R. S. 1881, is still in force, and provides that: "Crimes and misdemeanors shall be defined, and punishment therefor fixed by statutes of this state

and not otherwise". In *Ledgerwood* v. *State* (1893), 134 Ind. 81, 88, 33 N. E. 631, 633, it is said: "It was not for the purpose of securing a more minute definition of crimes and misdemeanors than the common law afforded, that this provision was added, but it was to get rid of common law offenses entirely by not adopting that part of the common law."

As applied to corporations, the rule in this State is that they may be indicted only when the legislature has specifically so provided. *State* v. *Ohio, etc.,*

2. *R. Co.* (1864), 23 Ind. 362; *Paragon Paper Co.* v. *State* (1897), 19 Ind. App. 314, 49 N. E. 600; *State, ex rel.* v. *French Lick Springs Hotel Co.* (1908), 42 Ind. App. 282, 82 N. E. 801, 85 N. E. 724; *State* v. *Sullivan Co. Agr'l Society* (1895), 14 Ind. App. 369, 42 N. E. 963. And as a general rule, criminal statutes

3. must be strictly construed to avoid the creation of penalties by construction. *Groff* v. *State* (1908), 171 Ind. 547, 85 N. E. 769, 17 Ann. Cas. 133. That part of the statute at all applicable to the questions under consideration reads as follows: "No contributions, payments or favors of any kind shall be made, extended by or solicited from any private corporation to promote the success or defeat of any candidate for public office or of any political party or principle or for any other political purpose whatever."

If there were any ambiguity in the words used in this statute, there would be room for a line of reasoning as to what the legislature intended, but no such

4. condition is here presented. This is a penal statute, and includes only those coming fairly within its import, and for a crime therein enumerated. *Paragon Paper Co.* v. *State, supra.*

As said in *United States* v. *Wiltberger* (1820), 5 Wheaton 76, 5 L. Ed. 37: "To determine that a case is within the intention of a statute, its language must au-

thorize us to say so. It would be dangerous, indeed, to carry the principle, that a case which is within the reason or mischief of a statute, is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of equal atrocity, or of kindred character, with those which are enumerated." The statute does provide, in substance, that no contributions shall be made by any private corporation for the purpose of procuring certain named results which are purely political in character. Were the offense charged based upon a contribution alleged to be for a named political purpose, we would have a question that we are not now called upon to decide. It seems evident to us from the language employed that the legislature had in mind practices only as applied to politics as generally understood, and that it was not the purpose of this section to extend the statute to cover every possible principle which might be submitted to the electors. To do so, would require us to give the word "principle," qualified as it is, a meaning not indicated by the statute. The legislature was then considering a subject apparent to all requiring legislative action. It was this evil which the legislative sought to correct by drastic legislation, and while it may be said that the offense sought to be charged was of the same kindred character, yet it is not a crime enumerated in the statute, for a violation of which appellee must answer. The subject is one of legislative power, and not judicial construction. We are of the opinion that no indictable offense is charged. Judgment affirmed.

NOTE.—Reported in 115 N. E. 772. See under (4) 36 Cyc 1187. Criminal law: (a) liability of a corporation for an act of misfeasance other than homicide, Ann. Cas. 1916 C 459; (b) jurisdiction over corporations, 133 Am. St. 774, 775.