STATE OF INDIANA v. FAIRBANKS.

[No. 23,024.    Filed April 20, 1917.    Rehearing denied
November 22, 1918.]

1. ELECTIONS.—*Local Option Elections.*—*Governed by General
Election Laws.*—In view of §10 of the Local Option Law (Acts
1911 p. 363, §8316 et seq. Burns 1914), providing that in all
elections held thereunder, and in all matters and proceedings
not therein otherwise specified, all provisions, including penal-
ties, of the general election laws of the state shall apply as far
as the same are applicable, it was the intention of the legisla-
ture that local option elections should be governed by the gen-
eral election laws of the state.    pp. 654, 655.

2. ELECTIONS. — *Local Option Election.* — *Corrupt Practices.* —
*Statutes.*—*Construction.*—Section 1 of the Corrupt Practices
Act (Acts 1911 p. 288, §7111a Burns 1914), in specifically
naming certain elections to which the act applies, does not
exclude local option elections from its operation.    p. 654.

3. STATUTES. — *Construction.*—*Repugnant Provisions.*—*Effect.*—
The rule that statutes are to be construed so that full force
and effect shall be given to all parts thereof, must be applied
in ascertaining wherein language which is specific necessarily
comes in conflict with that which is general; and it is only
when on such construction the repugnancy of special provisions
to the general language is plainly manifest that the legislative
intent, as declared in the general enacting parts, is superseded.
p. 654.

4. ELECTIONS. — *Corrupt Practices.*—*Statutes.*—*Construction.*—
Under §12 of the Corrupt Practices Act (Acts 1911 p. 288,
§7111a et seq. Burns 1914) each officer of a corporation par-
ticipating in the contribution of money to an election of any
kind is criminally liable.    p. 656.

5. CONSTITUTIONAL LAW. — *Legislative Power.* — *Corrupt Prac-
tices.*—It was within the province of the legislature to make
the officers of a corporation criminally liable for the acts of
the corporation.    p. 657.

6. ELECTIONS.—*Violation of Election Laws.*—*Affidavits.*—*Suffi-
ciency.*—An affidavit charging in substance that the defendants
were the sole and only officers of a corporation which, through
its officers, agents and employes, made a contribution of a
named·sum to the treasurer of a public organization to pro-
mote and influence the success of a principle, measure and
proposition submitted to a vote at a public election, is sufficient

to charge each and all the defendants with a violation of the Corrupt Practices Act (Acts 1911 p. 288, §7111a *et seq.* Burns 1914). p. 658.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Prosecution by the State of Indiana against Crawford Fairbanks and others. From a judgment for the defendant, rendered on a motion to quash the affidavit, the state appeals. *Reversed.*

*Evan B. Stotsenburg,* Attorney-General, *M. L. Pigg* and *W. F. Gruber,* for the state.

*Davis, Bogart & Royse* and *Gilbert W. Gambill,* for appellees.

ERWIN, J.—Appellees were prosecuted for violating the "Corrupt Practices Act" in an affidavit charging that appellees were officers and directors of the Terre Haute Brewing Company, a corporation organized under the laws of the state, and alleging that said corporation contributed to one Jess Bolinger, who was then and there treasurer of a public organization in Curry township, said county, known and designated as the "wet" organization, to promote and influence the success of a principle, measure and proposition submitted to a vote at a public election then and there held in said township and known and designated as a local option election in which the proposition to be voted upon was: "Shall the sale of intoxicating liquors as a beverage be prohibited in said township of Curry, county of Sullivan and State of Indiana?"

To the affidavit in this cause appellees interposed a motion to quash, which was sustained, and from a judgment discharging appellees, the state appeals. The only question here presented is, Did the court err in sustaining the motion to quash?

The affidavit is as follows: "Fred F. Bays, Prosecut-

ing Attorney being duly sworn upon his oath, says that The Terre Haute Brewing Company was on the 27th day of May, 1915, a corporation duly organized and existing under and by virtue of the laws of the State of Indiana, and was on said day and has been continually since said time, doing business as such corporation in the State of Indiana. That on the 27th day of May, 1915, at said County of Sullivan, State of Indiana, aforesaid, the said Terre Haute Brewing Company did then and there unlawfully and directly by itself and through its officers, agents and employees, give, contribute and furnish money, to wit: two hundred dollars, to Jess Bolinger, who was then and there treasurer of a public organization in Curry township, Sullivan county, Indiana, known and designated as the Wet organization, and that said money was so given to said Jess Bolinger as such treasurer of said public organization for the use and benefit of such public organization to promote and influence the success of a principle; measure and proposition submitted to a vote at a public election then and there held in said Curry township, Sullivan county, Indiana, on said 28th day of May, 1915, the said election being known and designated as a Local Option Election and which was held pursuant to the laws of the State of Indiana governing such elections. The principle measure and proposition to be voted on at such election was 'Shall the sale of intoxicating liquors as a beverage be prohibited in said township of Curry, county of Sullivan and State of Indiana.'

"Crawford Fairbanks was then and there on said 27th day of May, 1915, the president of said Terre Haute Brewing Company, and was then and there an officer in said company, that Bruce Failey was then and there on said 27th day of May, 1915, the treasurer of said Terre Haute Brewing Company, and was then and there an officer in said company; that Walter G. Him-

melbauer was then and there on said 27th day of May, 1915, the assistant secretary of said company, and was then and there an officer in said company; that George Maier was then and there secretary of said company and was then and there an officer in said company; that John E. Beggs, Thomas G. Beggs, Edward P. Fairbanks, Crawford Fairbanks, Edward G. Fairbanks, Walter G. Himmelbauer and Bruce Failey, were then and there on said 27th day of May, 1915, the sole and only directors in said corporation, The Terre Haute Brewing Company, and that said above named persons were on the 27th day of May, 1915, the sole and only officers and directors in said Terre Haute Brewing Company, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

To this affidavit each of the defendants filed a motion to quash, which motion with memorandum attached are alike as to each defendant except as to name, and which read as follows: "The defendant Crawford Fairbanks separately moves the court to quash the affidavit herein on the following grounds to wit: 1. The facts stated in said affidavit do not constitute a public offense. Wherefore the defendant prays the court to quash the affidavit in said cause."

"Memorandum.

"The affidavit in the above entitled cause is insufficient for the following reasons, to wit: 1. The affidavit does not allege that defendant did any act or thing in violation of the Corrupt Practice Act or of any other statute of the State of Indiana. 2. The affidavit does not allege that defendant had any knowledge of the act charged in said affidavit as a violation of law. 3. The affidavit does not allege that defendant had any part in the act charged by said affidavit as a violation of law.

4. There is no statute in the State of Indiana that authorizes the prosecution of the officers or directors of a corporation for an act done by the corporation. 5. There is no statute in the State of Indiana that authorizes the prosecution of the officers or directors of a corporation for a corrupt practice at a local option election. 6. The corrupt practice act of the State of Indiana is not applicable and does not govern local option elections within the said state. 7. The affidavit in the above entitled cause shows upon its face that the State is attempting to charge the defendant with giving money to Jesse Bolinger, Treasurer, and said affidavit also shows that he was treasurer of an organization to promote the success of a principle to be voted upon at a local option election held for the purpose of deciding whether the sale of intoxicating liquors should be prohibited in a township. The word 'treasurer' as defined by the Corrupt Practice Act does not apply to the treasurer in a local option election, but only applies to persons appointed by political committees. 8. The State is attempting to prosecute defendant for an offense not authorized by statute. 9. The affidavit does not allege that defendant contributed, furnished, loaned or promised any money, property, transportation, means or aid to any political party or to any candidate for public office or for nomination thereto, or to any public organization, or to any political committee or to any organization or political agent, either directly or indirectly to aid, promote or influence the success or defeat of any political party or principle or any measure or proposition submitted to vote at a public election or primary election in the State of Indiana, to aid, promote or influence in any manner the election or defeat of a candidate therein, or to be used, applied or expended in any way whatever for political purposes. 10. The affidavit does not allege that defendant gave, contributed, fur-

nished, loaned or promised any money, property, transportation, means or aid to any political party or any candidate for public office or for nomination thereto or to any public organization, or to any political committee, or to any organization or political agent as defined by statute."

Concisely stated, the motion to quash presents the questions for our consideration: (1) Does the Corrupt Practice Act apply to local option elections; and (2) can the officers of a corporation be made personally liable for the violation of a criminal statute by the corporation. The prosecution in this cause is based on §12 of the Corrupt Practices Act of 1911 (Acts 1911 p. 288, §7111a et seq. Burns 1914), which section reads as follows: "It shall be unlawful and shall be deemed a corrupt practice for any corporation incorporated under the laws of the State of Indiana, or of any state or territory of the United States, of the District of Columbia, or of the United States, or of any other country, directly or indirectly by itself, or through any officer, agent or employe, representative or other person whatsoever to give, contribute, furnish, lend or promise any money, property, transportation, means or aid to any political party, or any candidate for public office or for nomination thereto, or to any public organization, or to any political committee, or to any treasurer or political agent, as herein defined, either directly or indirectly, to aid, promote or influence the success or defeat of any political party or principle, or any measure or proposition submitted to a vote at a public election or primary election in this state, or to aid, promote or influence in any manner the election or defeat of a candidate therein, or to be used, applied or expended in any way whatever for political purposes. The president, the several directors and every other officer of any corporation which shall violate any of the provisions of this section, and

the president or director, or other officer, or agent of any corporation, who shall personally violate any of the provisions of this section, shall be deemed guilty of a misdemeanor and shall be punished by a fine of not more than five thousand dollars for each offense, and imprisoned for not more than one year in jail."

Section 10 of the Local Option Law, Acts 1911 p. 363, §8323b Burns 1914, provides that: "In all elections hereunder, and in all matters and proceedings not herein otherwise specified all the provisions, including penalties, of the general election laws of the state shall apply as far as the same are applicable."

Appellees contend that, as §1 of the Corrupt Practices Act, *supra,* names the elections to which the law should apply, these are to the exclusion of all others, and that any later section of the same act is to be disregarded.

This court in the case of *State* v. *Shanks* (1912), 178 Ind. 330, 334, 99 N. E. 481, decided the question adversely to appellees' contention. On page 335, the judge writing the opinion uses this language: "Statutes are to be construed so that full force and effect shall be given to all parts thereof, and this rule must be applied to ascertain wherein language which is specific, necessarily comes in conflict with other language which is general. The effort must, in the first instance, be to harmonize all the provisions of the statute by construing all parts together, and it is only when on such construction the repugnancy of special provisions to the general language is plainly manifest that the intent of the legislature, as declared in the general enacting parts of the statute, is superseded. The intention of the legislature, as expressed in the language used, must govern in the construction of all statutes, and it is the duty of the court to construe legislative enactments according to the natural and most obvious

import of the language and without resorting to refined distinctions or forced constructions for the purpose either of limiting or extending their operations, and with an eye to the evils they are intended to remedy. When there is no repugnancy between two distinct and coördinate sections of the same statute, the language of the special provisions of one should not be allowed to limit or control the general provisions of the other, especially when such general provisions are in harmony with the purpose and scope of the statute as expressed in the title." In the same case in the course of the opinion the further statement was made. " 'While the rule of strict construction applies generally to the interpretation of criminal statutes, the excessive strict construction that formerly prevailed has in recent years been so modified as to look within the bounds of reason and common sense to the legislative intent when plainly manifested or expressed in the enactment. Courts, on the one hand, refusing to hold those not clearly brought within the scope of the statute, and, on the other hand, equally refusing, by radical refinement, or unreasonable or incongruous construction, to discharge those plainly within its scope.' State v. Goodwin (1907), 169 Ind. 265, 267, 82 N. E. 459."

We believe that the doctrine therein declared is sound, and we adhere to it in this opinion. Two sessions of the legislature have intervened since the rendition of that opinion and no effort has been made to modify the law as therein announced; and, if the general election laws were not intended to apply to local option elections, it was up to the legislature to so declare.

The second proposition, as to whether an officer of the corporation shall be amenable to the law for a violation by it, depends upon the construction to be given to §12 of the Corrupt Practices Act, supra. It has been held by this and the Appellate Court that a corporation as such

cannot be prosecuted for a criminal offense except as provided in §340, Acts 1905 p. 584, §2227 Burns 1914; *State, ex rel.* v. *French Lick Springs Hotel Co.* (1908), 42 Ind. App. 282, 82 N. E. 801, 85 N. E. 724; *State* v. *Sullivan County Agricultural Society* (1895), 14 Ind. App. 369, 42 N. E. 463; *State* v. *Ohio, etc., R. Co.* (1864), 23 Ind. 362.

It was the evident intention of the lawmakers that corporations as such should not contribute to campaign funds for the purpose of controlling or influenc-

4. ing votes in any election. This section makes personally liable for its violation all the officers of the corporation. It may have been that the legislature had in mind that corporations as such could not be prosecuted, and, further, that the most effectual way to control the actions of corporations is to make its officers personally responsible. A corporation can only act through its officers and directors. The legislature, without doubt, could have enacted a law making the corporation as such amenable to the law and punishable for its violation, if it had so desired, even to the extent of forfeiting its charter. It has not seen fit to do so, but has seen fit to hold its officers individually liable for all violations by this corporation. Section 12, *supra,* has a two-fold provision enacted evidently with the intention that there should be no misunderstanding and no chance to escape liability. The last sentence fixing who shall be liable is as follows: "The president, the several directors and every other officer of any corporation which shall violate any of the provisions of this section, and the president or director, or other officer, or agent of any corporation, * * * shall be guilty of a misdemeanor," etc. This is intended to and does make each officer of a corporation participating in the contribution of money to any election of any kind liable.

That the act in question intended to make crime per-

sonal is clearly apparent. That a member of the board of directors or other officer of a corporation who contributes the money of the corporation to a purpose prohibited by statute shall be made liable to prosecution for so doing, is as much within the power of the legislature as is the receiving of money by an officer of a bank after he knows the same to be insolvent. Corporations act only by and through their officers and agents and it seems that the legislature intended to place the punishment where it would be effectual.

It seems to be the settled law that: "In the absence of a statute to the contrary, an officer of a corporation cannot be punished criminally for the corporation's unlawful act or default, unless he participates therein as an aider, abettor, or accessory, even though the corporation's offense consists of the violation of a statute which imposes imprisonment as a penalty." *Rex* v. *Hays* (1907), 14 Ont. Law Rep. 201, 8 Ann. Cas. 380. This seems to be the holding in many jurisdictions. *People* v. *Clark* (1891), 8 N. Y. Crim. 169, 179, 14 N. Y. Supp. 642; *State* v. *Parsons* (1882), 12 Mo. App. 205.

From all the authorities to which we have been cited or which we have been able to discover, we believe it is within the province of the lawmakers to make the

5. officers of a corporation amenable for the acts of the corporation.

In the case before us §12 specifically provides: "The president, the several directors and every other officer of any corporation which shall violate any of the provisions of this section, * * * shall be deemed guilty of a misdemeanor and shall be punished," etc. The charge under the indictment in this case being a misdemeanor, all who participate therein are principals. *Stratton* v. *State* (1874), 45 Ind. 468, 476; *Lay* v. *State*

(1894), 12 Ind. App. 362, 39 N. E. 768; *Bonds* v. *State* (1900), 130 Ala. 117, 30 South. 427; *Merrill* v. *State* (1910), 175 Ind. 139, 146, 93 N. E. 857, 44 L. R. A. (N. S.) 439.

The affidavit charges in substance that the appellees were the sole and only officers of the Terre Haute Brewing Company, and that through its *officers,* 6. agents and employes made the contribution therein named to one Jess Bolinger, as such treasurer of such public organization, to promote and influence the success of a principle, measure, and proposition submitted to a vote at a public election. The affidavit is sufficient to charge each and all of appellees with a violation of the statute in question.

The court erred in sustaining the motion to quash. Judgment reversed, with instructions to the court below to overrule the motion to quash.

NOTE.—Reported in 115 N. E. 769.