State *v.* Draper—186 Ind. 332.

___

## STATE OF INDIANA *v.* DRAPER.

[No. 23,043.    Filed June 6, 1917.]

ELECTIONS.—*Corrupt Practices.—Corporation.—Indictment.—Sufficiency.*—An indictment under §§7711d Burns 1914, Acts 1911 p. 288, 291, relating to corrupt practices in elections, charging the accused with soliciting a contribution to promote the success of a principle to be voted on at a special "local option" election, is held, on the authority of the rule announced in *State* v. *Terre Haute Brewing Company, ante* 248, to have been properly quashed.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Prosecution by the State of Indiana against William Murphy Draper. From a judgment quashing the indictment, the State appeals. *Affirmed.*

*Evan B. Stotsenburg,* Attorney-General, and *M. L. Pigg,* for the State.

*John W. Lindley* and *Walter F. Wood,* for appellee.

HARVEY, J.—This is a companion appeal to that in *State* v. *Terre Haute Brewing Co.* (1917), *ante* 248, 115 N. E. 772, that being a prosecution of a corporation for making a contribution, and this of appellee for soliciting said contribution to promote the success of a principle to be voted on at a special "local option" election.

The State insists that the indictment charges an offense under §4, of the Corrupt Practices Act. Acts 1911 p. 288, 291, §7111d Burns 1914. To this contention the decision above referred to applies. Other sections of the Corrupt Practices Act describe specifically conduct which subjects to a penalty, even though such conduct

is not of a political character, and does not tend to in-fluence the result in political contests. Such other sections have recently been held by this court to apply to local option elections.

The indictment in this cause, being based solely on §4, *supra*, was properly quashed by the trial court, and the judgment appealed from is affirmed.

NOTE.—Reported in 116 N. E. 422. Bribery of voters as an offense, 97 Am. Dec. 716.