GOLDEN GUERNSEY FARMS, INC. *v.* STATE OF INDIANA.

[Nos. 28,052, 28,053. Filed December 3, 1945.]

*Rockford & Rockford,* of Indianapolis, for apellant.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

RICHMAN, J.—These appeals involve two of three cases prosecuted upon affidavit against appellant and certain individuals, tried together before a special judge, a jury having been waived. One of the cases was dismissed and in the two in which appeals have been taken the individual defendants were discharged at the conclusion of the State's evidence.

In No. 28052 appellant was charged in two counts with having sold adulterated milk to Otto T. Law. In No. 28053 the affidavit charged the sale of adulterated milk to the County of Marion, Indiana, for use at the Marion County Tuberculosis Hospital, known as Sunnyside Sanatorium. Otherwise the affidavits in the two cases are identical. The appeals are briefed as one and therefore one opinion will suffice.

Before arraignment appellant filed a motion to quash the affidavit, which was overruled, and this ruling is assigned as error. Later a motion to strike out portions of each count of the affidavit was sustained. Upon appellant's refusal to plead the court entered for it a plea of not guilty.

The first count of the affidavit, as it stood after the motion to strike had been sustained, charges that appellant "unlawfully" sold

"in intrastate commerce an article of adulterated food for human consumption, to-wit: milk, as a dairy product, commonly known as 'homogenized milk' to which had been added water as a substitute in part for said milk . . . so as to increase its bulk and reduce its quality and strength and make it appear better and of greater value than it actually was . . . ."

The second count characterizes the sale as "unlawfully, knowingly and feloniously" made "with intent to defraud and mislead" the purchaser.

Appellant was found guilty on each count in each affidavit and fined "$500.00 and costs on each separate affidavit." A motion for new trial was filed and overruled and error is assigned on the ruling.

The prosecution is pursuant to the Uniform Indiana Food, Drug and Cosmetic Act, ch. 38 of the Acts of 1939, found in 7 Burns' 1933 (Supp.), beginning at § 35-1228. It prohibits

> "The sale in intrastate commerce of any food . . . that is adulterated . . . ." § 35-1231(a), Burns' 1933 (Supp.).

The penalties are prescribed in § 35-1233. Sub-section (a) thereof makes the mere sale a misdemeanor with penalty of imprisonment "or a fine of not less than $10.00 nor more than $1,000.00 . . . ." The first count of each affidavit is based upon this sub-section. The second count is based upon sub-section (b), which provides that where the sale is made "with intent to defraud or mislead" the fine may be as high as $2,000.00.

Appellant contends that a corporation may not be prosecuted for either offense. The idea that a corporation is not indictable is said to have originated with Lord Holt. See 13 Am. Jur. *Corporations,* § 1132. But this concept has long since been abandoned. A corporation may be convicted of crimes involving a criminal intent. See *State* v. *Salisbury Ice & Fuel Co.* (1914), 166 N. C. 366, 81 S. E. 737, Ann. Cas. 1916 C 456, with case note collecting the authorities and citing, on p. 465, *Commonwealth* v. *Graustein* (1911), 209 Mass. 38, 95 N. E. 97, a prosecution for

selling adulterated milk. There it appeared that criminal intent was not necessary to create the offense, but in numerous other cases cited in the note, where intent was an element of the crime, convictions of corporations were sustained.

But appellant seems to think the rule is different in Indiana. Its argument is based on the following cases: *State* v. *the Pres't and Direc'rs of the Ohio and Mississippi R. R. Co.* (1864), 23 Ind. 362; *State* v. *Sullivan County Agricultural Society* (1895), 14 Ind. App. 369, 42 N. E. 963; *Paragon Paper Co.* v. *State* (1898), 19 Ind. App. 314, 49 N. E. 600; *State* v. *Terre Haute Brewing Co.* (1917), 186 Ind. 248, 115 N. E. 772; *State* v. *Fairbanks* (1917), 187 Ind. 648, 115 N. E. 769. The earliest of these opinions was written at a time when Lord Holt's idea was prevalent and contains dicta indicating the same view. But the case may be put on another ground which will also explain the other cases cited. It was a prosecution for obstructing a highway. The statute was directed against *persons*. Since our criminal law is entirely statutory and the word "person" does not necessarily include a corporation, the court did not believe that the statute should be extended by implication to include corporations, notwithstanding a section of the Civil Code which defined "persons" as including "bodies politic and corporate." Later a statute was enacted, now § 9-2403, Burns' 1942 Replacement, which provides that

> "Corporations may be prosecuted, by indictment or affidavit, for erecting, continuing or maintaining a public nuisance, or for obstructing a public highway or navigable stream."

It seems first to have appeared in the Criminal Code of 1881, Acts 1881, p. 173, § 319. All the later cases relied upon by appellant refer to this section. The Para-

gon case was a prosecution for polluting a stream, based upon a statute which did not purport to apply to cororations but it was contended that the section quoted, *supra,* was applicable. The court held otherwise. This case, however, has been cited as holding that a corporation as such can not be prosecuted for a criminal offense except as provided in this section. This is expressly declared in *State* v. *Fairbanks, supra.* It is quite true, as stated in *State* v. *Terre Haute Brewing Co., supra,* that

"As applied to corporations, the rule in this State is that they may be indicted only when the legislature has specifically so provided."

The legislature did so specifically provide, as to certain offenses, in the quoted section. At that time, 1881, and also in 1898 when the Paragon opinion was written, there may have been no other statute creating an offense for which a corporation could be prosecuted. But the legislature was free to create other statutory offenses and expressly provide in the statutes creating them that a corporation, as well as an individual, might be convicted for their violation. This is exactly what was done in the statute under which appellant herein is prosecuted.

In § 35-1230, which contains the definitions applying to the 1939 Act, sub-section (e) provides that

"The term 'person' includes individual, partnership, corporation and association."

The penalty section, § 35-1233, which provides that any person who violates the Act shall be guilty, and so forth, obviously therefore includes a corporation. Since appellant's whole argument is based upon a misconception of the effect of the 1881 Act, now § 9-2403,

supra, it follows that there is no merit to its contention that there was error in overruling the motion to quash.]

There is a separate assignment of error in overruling appellant's motion to discharge, which is included also as a specification in its motion for new trial. But the motion is not set out in the brief, nor are we directed to any argument or authority on the question. It is therefore waived.

In No. 28052 there is a separate assignment of error "in admitting into evidence appellee's Exhibits 7 and 8," and No. 28053 "in admitting into evidence appellee's Exhibits 8 and 13." In each case also this assignment verbatim appears in the motion for new trial. These assignments are insufficient to raise any question. Errors in admission of evidence may be assigned only in a motion for new trial and no question is presented for review if the motion fails to state the grounds of objection to the evidence. *Brown* v. *State* (1939), 216 Ind. 106, 23 N. E. (2d) 267; *Kimmick* v. *Linn* (1940), 217 Ind. 485, 29 N. E. (2d) 207; *Wise* v. *Curdes* (1942), 219 Ind. 606, 40 N. E. (2d) 122; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. (2d) 474. It is not even shown by the "concise statement of the record" in appellant's brief that there were objections to the admission of these exhibits or that they were admitted in evidence. See Rule 2-17(e).

The remaining question attempted to be presented is the sufficiency of the evidence to sustain the court's finding. On that subject appellant has only two points, both irrelevant, one to the effect that the burden of proof does not shift in a criminal case and the other attempting to apply the doctrine of reasonable doubt to consideration of the case upon appeal. *Brown* v. *State* (1941), 219 Ind. 21, 36 N. E.

(2d) 759. Appellant does not point out in its Propositions, Points and Authorities in what respects it thinks the evidence is insufficient. This is required by Rule 2-17 (f). In that part of its brief designated as "Argument," it is said:

"There is no evidence that during the month of January, 1943, the appellant sold any milk to anyone to which it or anyone in its employ or anyone on its behalf, added any water."

Generalities of this nature do not serve the purpose of informing the court as to the particular issues upon which there was no proof. There, so far as this opinion is concerned, we might let the matter rest, for an appellant is not entitled to a discussion of a question which he has failed properly to present.

But aided by an excellent brief in behalf of appellee, we are able, without much effort, to add a resume of the evidence which sustains every essential part of the State's case.

The fact of appellant's incorporation was proved. During January, 1943, under a contract with Marion County appellant sold and delivered all the milk used in the Sunnyside Sanatorium. The patients complained of its quality and refused to use it, objecting that it was thin, blue and had a sour taste. The superintendent and medical director on January 13, 1943, took a bottle of homogenized milk from the refrigerator in one of the wards and had it analyzed by the State Board of Health. The analysis showed that approximately 15% of water had been added to the milk. Another sample bottle was purchased at the dairy January 18, 1943, by Otto T. Law, an investigator of the State Board of Health, and its analysis showed approximately 9% of added water. This was sufficient to establish guilt under the first count of each affidavit.

There was much additional evidence tending to show that these were not two isolated instances of adulteration that might have been accidental. The practices of the corporation with reference to the "standardizing" of milk by adding water instead of skimmed milk were shown by the testimony of appellant's former employees. An inspection was made by the State Board of Health shortly after the purchases to determine whether there were leaks in appellant's equipment whereby water might get into the milk accidentally and none was found. If, as appellant contends, evidence of other offenses was introduced, its brief shows no objection thereto and appellee says that there was none. Where either motive, intent or guilty knowledge is involved such evidence is admissible. *Anderson* v. *State* (1941), 218 Ind. 299, 32 N. E. (2d) 705; *Shneider* v. *State* (1942), 220 Ind. 28, 40 N. E. (2d) 322. Having carefully read all the evidence we are satisfied that the guilty knowledge and intent to defraud or mislead, required to sustain the second count, were adequately shown. A contrary finding by the trial judge would have been hard to explain.

Judgments affirmed.

Note.—Reported in 63 N. E. (2d) 699.