Taft, J.
Since no question is raised as to the propriety of quo warranto as a remedy in the instant case, we will not consider that question in deciding this case.
In contending that the complained of payment and use of respondent’s $500 were unlawful, relator must rely principally upon Section 3599.03, Bevised Code, which reads so far as pertinent :
“(A) No corporation engaged in business in this state shall, directly or indirectly, pay, use, offer, advise, consent, or agree to pay or use the corporation’s money or property [a] for or in aid of a political party, committee, or organization, or [b] for or in aid of a candidate for political office, or for a nomination thereto or [c] use such money or property for *44 any other partisan political purpose, or [d] violate any law requiring the filing of an affidavit respecting such use of such funds.” (Emphasis added and portions in brackets added to enable ready reference in subsequent analysis.)
In the remainder of that statutory section, criminal penalties are specified for violations thereof.
There is no claim that the Citizens Committee FOR City and County Issues, hereinafter referred to as the citizens committee, did anything “for or in aid of any candidate” or failed to file any affidavit required by law. Hence the above-quoted portions of the statute appearing after [b] and [d] are not involved.
It is obvious that, in the above-quoted emphasized portion of the statute appearing after [a], the word “political” modifies not only “party” but also the words “committee or organization.” The words “political party” have a well understood ordinary meaning. Those words describe an association of individuals whose primary purposes are to promote or accomplish elections or appointments to public offices, positions or jobs. Although the word “political” may have a very broad meaning, its meaning may be considerably narrowed where it is thus used to modify the word “party.” See Heidtman v. City of Shaker Heights, 163 Ohio St., 109, 126 N. E. (2d), 138. Obviously, in referring to “a political party, committee or organization” in this statute, the General Assembly intended by the words “committee or organization” to refer only to a committee or organization which is an adjunct of a political party or an association formed for substantially the same purposes or performing substantially the same functions as a political party.
It is contended however that the contribution to the citizen’s committee is prohibited by the above-quoted words of the statute appearing after [c] as a payment “for any other partisan political purpose.” This argument might have more force if the word “partisan” had not been used by the General Assembly. See Commonwealth v. McCarthy, 281 Mass., 253, 183 N. E., 495, 85 A. L. R., 1141, where “partisan” was not used to modify “any political purpose whatever.” But see *45 Heidtman v. Shaker Heights, supra (163 Ohio St., 109). Thus, although the words “political purpose” may he given a broad construction as including any purpose related to the principles of civil government and the conduct of public affairs, they may also be given a much narrower construction as including only a “partisan” political purpose. In the instant case, we must so limit those words because the General Assembly has used the word “partisan” to limit them.
It is apparent from a consideration of the ratio decidendi in Heidtman v. Shaker Heights, supra (163 Ohio St., 109), that the words “partisan political purpose” can reasonably be construed so as not to include a mere purpose to advocate the passage of issues such as the citizen’s committee advocated in the November 1957 election.
All reasonable doubts in the interpretation of a criminal statute should be resolved in favor of the accused. See State v. Meyers, 56 Ohio St., 340, 47 N. E., 138; City of Cleveland v. Jorski, 142 Ohio St., 529, 53 N. E. (2d), 513. Where a word may reasonably have either a wide or a restricted meaning and there is reasonable doubt as to which meaning was intended by the General Assembly, such doubt, in the interpretation of a criminal statute, should be resolved against the state. See State v. Terre Haute Brewing Co., 186 Ind., 248, 115 N. E., 772.
In our opinion, therefore, the words “partisan political purpose,” as used in Section 3599.03, Bevised Code, do not include a purpose merely to advocate the adoption of a constitutional amendment or the passage of a bond issue or of a tax levy; and a committee organized for such purpose is not, within the meaning of that statute, a “political party, committee or organization. ’ ’
This conclusion is fortified by considering the origin and history of Section 3599.03, Bevised Code. The prohibitory provisions of that section were first enacted in 1908 as Section 1 of “ an Act to Prevent the Corruption of Elections and Political Parties by Corporations.” The somewhat modified provisions of section 2 of that act are now found in Section 5733.27, Bevised Code, requiring a corporation to file with its returns, statements and reports to the Tax Commissioner “an affidavit *46 * * * setting forth that such corporation has not, during the preceding year, * * * paid, used or offered, consented, or agreed to pay or use any of its money or property [a] for or in aid of any political party, committee or organization, or [b] for or in aid of any candidate for political office or for nomination for any such office, or [c] in any manner used any of its money or property for any political purpose whatever.” (Emphasis added and portions in brackets added to enable ready reference in subsequent analysis — the quoted portions after [a] were found in Section 1 of the Act of 1908 and apparently later used to replace the words originally in section 2 of that act and reading : “To the funds of any political- organization, committee or candidate, or used as money or property in violation of section 1 of this act.”) Section 3 of the 1908 Act specified criminal penalties for violations of sections 1 and 2.
In the General Code of 1910, section 1 and the penalty provisions of section 3 became Sections 13320 and 13322, General Code, and section 2, with respect to filing the affidavit, became Section 8729 (repealed in 1927), and in 1911 section 2 also became Section 5522, General Code (now Section 5733.27, Revised Code).
In 1929, the General Assembly recodified the election laws and, in doing so, replaced Sections 13320 and 13322, General Code, with Section 4785-192, General Code, and changed the words “for any political purpose whatever” to read “for any other partisan political purpose.” Section 4785-192 also contained the provision now found in Section 3599.03, Revised Code, prohibiting any violation of “any law requiring the filing of an affidavit respecting such use of such funds.” Since there was apparently no other penalty for violating the affidavit-filing requirements of Section 5522, General Code (now Section 5733.27, Revised Code), it is clear that “the filing of an affidavit” referred to in Section 4785-192, General Code, was the filing required by Section 5522, General Code.
It is suggested that, since the broad words “any political purpose whatever” are used in what is now Section 5733.27, Revised Code, and since that section and what is now Section 3599.03, Revised Code, should be read in pari materia, the words *47 “any other partisan political purpose” should be read as though they had the same meaning as the broad words, “any political purpose whatever,” of Section 5733.27, Bevised Code. To do so would obviously result in expanding the scope of the crime defined by the words of Section 3599.03, Bevised Code, and also would result in a failure to give any effect to the change which the General Assembly made in those statutory words in 1929. If those two sections are to be read in pari materia, we believe it would be more reasonable to give effect to the 1929 legislative change of the foregoing-quoted words of Section 3599.03, Bevised Code, even though it necessitated the narrowing of the meaning which might otherwise be given to the corresponding but slightly different words of Section 5733.27, Bevised Code. Such a construction would appear also to be more in accordance with the above-quoted words of Section 3599.03 after [d] and reading “affidavit respecting such use of such funds.”
Section 5733.27, Bevised Code, certainly can have no direct application in the instant case because it is not alleged that respondent has filed or failed to file the affidavit provided for therein.
Belator also relies on the part of Section 3517.12, Bevised Code, reading:
“The provisions of Title XXXV of the Bevised Code relating to the contributions, receipts, and expenditures of money or other things of value in elections in the case of candidates, the filing of statements relative thereto, and the violations of any such provisions shall apply with equal force and in all details to the contributions, receipts, expenditures, and obligations incurred by persons, committees, and associations in advocacy of or in opposition to the adoption of any proposition or issue submitted to the voters * *
Apparently his position is that Section 3599.03, Bevised Code, is part of Title XXXV of the Bevised Code and, to use the words of Section 3517.12, Bevised Code, relates to “contributions * * * and expenditures # * in elections in the case of candidates” and should therefore “apply * * * to the contributions * * * [and] expenditures * * * by persons [including corporations by reason of Section 1.02, Bevised Code] * * * in *48 advocacy of * * * the adoption of any proposition or issue submitted to the voters.”
It may reasonably be arguable that statutory provisions, such as those in Section 3599.08, Revised Code, that “no corporation * * * shall * * * pay, use, offer, advise, consent, or agree to pay or use * * * money or property * * * for or in aid of a candidate for political office,” represent, within the meaning of Section 3517.12, Revised Code, “provisions * * * relating to * * * contributions * * * and expenditures of money * * * in elections in the case of candidates.” However, when the provisions of Sections 3517.08 to 3517.11, inclusive, Revised Code, are considered, it is absolutely clear that they represent, within the meaning of Section 3517.12, Revised Code, “provisions of Title XXXV of the Revised Code, relating to the contributions, receipts, and expenditures of money or other things of value in elections in the case of candidates or the filing of statements relative thereto”; and a reasonable doubt immediately arises as to whether the General Assembly intended in Section 3517.12 to refer to the provisions of Section 3599.03; Revised Code. This doubt is strengthened by the fact that Section 3517.12, Revised Code, follows immediately after Sections 3517.08 to 3517.11, Revised Code, as did the corresponding sections of the General Code (see Sections 4785-184 to 4785-188, inclusive, General Code), although Section 3599.03, Revised Code (formerly Section 4785-192, General Code), is not adjacent to Sections 3517.08 to 3517.12, Revised Code. This doubt is even further strengthened by the fact that the General Assembly used words, such as question, issue, proposition or measure, at least 40 times in Title XXXV of the Revised Code thereby indicating that when it intended to legislate about them it usually used those words to signify such an intent. This is particularly apparent in the statutes providing for offenses and penalties which appear immediately adjacent to Section 3599.03, Revised Code (formerly Section 4785-192, General Code). See Sections 3599.01, 3599.02, 3599.04 and 3599.09, Revised Code (formerly Sections 4785-190, 4785-191, 4785-193 and 4785-198, General Code). Thus, we believe that the expressions of the General Assembly, to say the least, raise a *49 very substantial doubt as to whether it intended by what it said in Section 3517.12, Revised Code, to refer to the provisions of Section 3599.03, Revised Code. Any such doubt with respect to the meaning of a criminal statute such as Section 3599.03, Revised Code, should certainly be resolved against the state.
In People v. Gamsley, 191 Mich., 357, 158 N. W., 195, Ann. Cas. 1918E, 165, relied upon by relator, the penal statute involved prohibited payments for a corporation of corporate money “to any candidate or to any political committee, for the payment of any election expense whatever” and provided that “ ‘political committee’ should apply to a ‘combination of * # * persons who shall aid or promote the success or defeat of a candidate, or a political party or principle or measure.’ ” In the instant case, words such as “principle or measure” are missing while the significant word “partisan,” unlike in the foregoing Michigan statute, is used to modify the word “political.” Likewise, State v. Fairbanks, 187 Ind., 648, 115 N. E., 769, is clearly distinguishable because the statute there involved prohibited corporate contributions with respect to aiding or opposing “any political party or principle, or any measure or proposition submitted to vote at a public election.”
Our conclusion is that respondent corporation could lawfully contribute to a committee organized and conducted merely for the purposes of advocating the adoption of a constitutional amendment and the passage of bond issues and tax levies. Accordingly, the judgment of the Court of Appeals is reversed and final judgment is rendered for respondent.

Judgment reversed.

Weygandt, C. J., Zimmerman, Stewart, Matthias, Bell and Herbert, JJ., concur.